UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| FF ACQUISITION CORP.,<br>    Plaintiff<br><br>    v.<br><br>ICON FITNESS CORP., ICON HEALTH<br>AND FITNESS, INC., and<br>IHF HOLDINGS, INC.,<br>    Defendants | CIVIL ACTION<br>NO. 99-11397-REK |

**Memorandum and Order**
September 2, 1999

I. Background

Pending now for decision is plaintiff's Motion to Compel Bain Capital, Inc. to Produce Documents (Docket No. 1, filed June 3, 1999), filed along with a Memorandum in Support (Docket No. 2). Bain Capital, Inc. (Bain) has filed a Memorandum of Law in Opposition to Plaintiff's Motion to Compel (Docket No. 4, filed June 29, 1999).

The subpoena *duces tecum* and *ad testificandum* at issue before this court was served on Bain in connection with an antitrust and patent action pending in the United States District Court for the Northern District of Mississippi, FF Acquisition Corp. v. Icon Fitness Corp., et al., No. 99 CV 39-S-D. In that action, plaintiff alleges that defendants (collectively referred to as "Icon") infringed one of plaintiff's patents in connection with treadmill design, and used anti-competitive tactics to



restrain competition and to monopolize the treadmill market. Bain, as the sponsor of certain investment funds that have invested in Icon, is the largest shareholder of Icon. Bain is not a party to the Mississippi action nor is it a competitor of plaintiff.

Plaintiff, in its subpoena, seeks from Bain seventeen different types of documents, all concerning in some way communication between Bain and Icon. Bain objects to the requests claiming that they are duplicative, because the documents can be more properly obtained from Icon, and that the requests are overbroad on their face. Therefore, Bain argues, the subpoena is unduly burdensome.

II. Motion to Compel

Discovery rules apply to subpoenas issued under Fed.R.Civ.P. 45. Therefore, the court looks initially to Fed.R.Civ.P. 26(b)(2) which states in part:

> the ... extent of the use of discovery methods otherwise permitted under these rules shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; ... or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

In its discretion, the district court may limit discovery in an appropriate way if the relevance of the requested material does not outweigh the burden and expense of obtaining that material from the requested party.  In addition, a non-party is given special consideration regarding inconvenience and expense.  See Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996).

As a threshold matter, then, the court must be satisfied that the material requested in a subpoena *duces tecum* is relevant to the litigation.  In this case, plaintiff claims that all information requested from Bain relates to Icon's business practices, market share, and customer relationships.  A review of plaintiff's requests makes it apparent that all documentation requested would in some way be related generally to Icon and Icon's alleged patent infringement and anti-competitive tactics.

Bain argues, however, that the requests are overly burdensome for two reasons.  First, most, if not all, of the documents requested from Bain could be obtained from Icon directly.  Second, the requests themselves are overbroad and are not sufficiently tailored to elicit particular information from Bain.

It is unclear from the submissions whether plaintiff has, in fact, received similar documentation from Icon and, if not, whether plaintiff could receive it from Icon.  Plaintiff argues that, regardless of Icon's disclosures, plaintiff would

seek the information from Bain because plaintiff cannot be certain that Icon will disclose absolutely all of the relevant documentation. Plaintiff's mistrust of Icon is not an appropriate reason to subject a non-party to potentially duplicative document requests. At this time, however, it is unclear whether plaintiff's request is unreasonably duplicative because evidence regarding the possibility of direct discovery from Icon has not been proffered to this court.

Whether plaintiff's requests are overbroad is also unclear at this time. Plaintiff seeks, among other things, "[a]ll documents concerning any communications with Icon" and "[a]ll documents concerning Icon or Icon's products ...." Docket No. 2, Exhibit B. In essence, plaintiff asks Bain to produce any and every document that even contains the word "Icon." The subpoena does include more specific requests as well, but overall it does not appear to be narrowly tailored for the specific purpose of relevance to antitrust litigation. Thus, looking solely at the face of the subpoena, I cannot determine whether the requests are limited to reasonable requests.

On the other hand, Bain has not proffered any evidence that complying with the requests would, in fact, be unduly burdensome; Bain states only that, on their face, the requests are overbroad. As plaintiff has pointed out, if only a few people at Bain are responsible for the Icon investment, the requested documents may not be overly burdensome to produce. If, however, Bain Capital employs hundreds of people in different

locations to work on the Icon investment, and those people keep hundreds of boxes of documents concerning their communications with Icon, then a request such as the one made in this case could, indeed, be enormously inconvenient and burdensome. Plaintiff asserts that "to avoid overburdening Bain Capital by requesting the production of all of those documents, [plaintiff] would have been willing to discuss with Bain Capital ways to narrow its request." Docket No. 2 at 9. Bain has yet to proffer evidence specifying the scope of the inconvenience that would be caused by complying with this subpoena.

Because Bain is a non-party to the underlying suit, and because it appears to this court that plaintiff could tailor its request much more narrowly (and take into account documentation already received from Icon), I find it appropriate to deny the plaintiff's Motion to Compel. This ruling is without prejudice to a re-filing if, after a more particularized request has been made, Bain continues to refuse compliance with the subpoena *duces tecum*.

III. This Court's Practice of Deference

The jurisdiction of a United States district court to act on motions to enforce subpoenas in aid of discovery in a case pending in another United States district court is designed generally to serve as an aid to the other court when the other court lacks in personam jurisdiction over a non-party. It is the usual practice of this court not to intervene in a way that might

impede the other court's orderly and fair management of discovery disputes in a case pending before that court. Here, plaintiff has made a request for intervention by this court with a sweeping order that I could not determine to be fair and appropriate without an extensive hearing, largely duplicative of proceedings before the other court, regarding the appropriate scope of discovery. In the exercise of discretion, I decline to make such an order in the absence of a showing of good cause for doing so, including inability to persuade Bain to appear voluntarily before that court.

IV. Requests for Attorney Fees

The requests of each of the litigants before this court for attorney fees are unwarranted.

> The Supreme Court has noted the dangers inherent in parties continuing to battle each other in litigation over attorney's fees. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). It is time for these parties to leave the battlefield.

Bercovitch v. Baldwin School, Inc., - F.3d -, - (1st Cir. 1999) (slip op., August 30, 1999 at 8). The requests for attorney fees are denied in the Order below.

ORDER

For the foregoing reasons, it is ORDERED:

(1) Plaintiff's Motion to Compel Bain Capital, Inc. to Produce Documents (Docket No. 1, filed June 3, 1999) is DENIED

without prejudice.

        (2) Each party's request for attorney fees is DENIED.

*[signature: Robert E Keeton]*
United States District Judge